IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RUSSELL HEWITT**,

**Plaintiff,**

**v.**

**SCHNEIDER NATIONAL
CARRIERS, INC., and
SCHNEIDER NATIONAL BULK
CARRIERS, INC.,**

**Defendants**                                                                 No. 09-cv-615-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Backrgound

Pending before the Court is Defendant Schneider National Carriers Inc.'s motion to dismiss Count III of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19). Hewitt opposes the motion (Docs. 23 & 24). Based on the following, the Court grants the motion to dismiss.

On August 12, 2009, Russell Hewitt, filed a four count Complaint for personal injuries against Schneider National Carriers, Inc. and Schneider National Bulk Carriers, Inc. based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 2). The Complaint alleges that on February 11, 2009, James Newton, in the course and scope of his employment with Defendants, was operating a tractor-trailer and that

he drove the tractor-trailer into Hewitt's parked tractor-trailer.[1] The Complaint also alleges that Hewitt was laying in the bunk of the tractor-trailer and that the collision knocked Hewitt out of his bunk. Count I is for respondeat superior liability against Schneider National Carriers, Inc; Count II for respondeat superior liability against Schneider National Bulk Carriers, Inc.; Count III is for direct negligence against Defendant Schneider National Carriers, Inc. for negligent hiring, training, supervising & retaining; and Count IV is for direct negligence against Defendant Schneider National Bulk Carriers, Inc. for negligent hiring, training ,supervising & retaining.

On September 29, 2009, both Defendants filed answers to Hewitt's Complaint (Docs. 17 & 18). Also on September 29, 2009, Schneider National Carriers, Inc. filed the motion to dismiss (Doc. 19) and Hewitt filed his opposition on November 2, 2009 (Docs. 23 & 24). Schneider National Carriers, Inc. filed its reply on November 13, 2009 (Doc. 27). Thereafter on November 18, 2009, the Court, pursuant to a stipulation of the parties, dismissed with prejudice Counts II and IV against Defendant Schneider National Bulk Carriers, Inc. (Doc. 30).

## II. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim under **Federal Rule of Civil Procedure 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **Federal Rule of Civil Procedure 8.** Rule 8 states that a complaint need only contain a "short

---

[1] The complaint also alleges that the accident occurred at the Flying J parking lot in East St. Louis, Illinois.

and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)**. The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 555-56 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557)**.

Recently, in ***Iqbal***, the Supreme Court made clear that the federal pleading standard under **Rule 8** as discussed in its ***Twombly*** opinion applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**. ***Iqbal*** identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56)**. In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal

conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

### III. Analysis

In Illinois, a negligent entrustment claim is duplicative where the employer has admitted liability for the actions of the employee in a *respondeat superior* claim. ***Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1159 (Ill. App. 2002)**; ***Neff v. Davenport Packing Co.*, 268 N.E.2d 574, 575 (Ill. App. 1971)**. Because of the potential admission of inflammatory evidence irrelevant to the negligence action, Illinois courts have reasoned that a negligent entrustment claim must be dismissed where the employer admits the employee was acting within his scope of his employment. "The liability of the employer is fixed by the amount of liability of the employee." ***Gant*, 770 N.E.2d at 1160**. *Respondeat superior* and negligent entrustment are "simply alternative theories by which to impute an employee's negligence to an employer." ***Id***; ***Thompson v. Northeast Illinois Regional Commuter Railroad Corp.*, 854 N.E.2d 744, 747 (Ill. App. 2006)**.

Here, Defendant Schneider National Carriers, Inc. moves to dismiss Count III of Plaintiff's complaint. Specifically, Defendant argues that Count III should be dismissed because it is duplicative as it has admitted to Hewitt's *respondeat superior* claim that its driver, James Newton, was acting in the course of scope of his employment with Schneider National Carriers, Inc. at the time of the alleged collision. Hewitt opposes the motion arguing that the Court should not dismiss

Count III because there is an exception to the rule: that a Plaintiff may proceed with the claim against the employer when a punitive damages claim against the employer is made.  Hewitt contends that he has alleged that Defendant's actions were wilful, wanton, and reckless and therefore these allegations support the imposition of punitive damages.           Here, the Court finds that Hewitt's claim contained in Count III while named "Direct Negligence Against Defendant Schneider National Carriers, Inc. For Negligent Hiring, Training, Supervising & Retaining" also contains a claim for wilful and wanton entrustment as it seeks punitive damages and should not be dismissed with prejudice at this stage of the litigation.  ***See Lockett v. Bi-State Transit Authority*, 445 N.E.2d 310, 314 (Ill. 1983)("In cases involving wilful and wanton entrustment, however, the analysis necessarily differs from that of negligent entrustment. Unlike the situation in negligent entrustment cases, where the misconduct of the defendant-principal is of the same level of culpability as that of the tortfeasor-agent, defendants-principals may be found guilty of wilful and wanton misconduct even though the tortfeasors-agents to whom the instrumentality causing the injury was entrusted may have been only negligent. …Consequently, the necessity of proof of the defendant-principal's misconduct in connection with the wilful-and-wanton-entrustment actions is not eliminated simply because that party acknowledges an agency relationship with the tortfeasor.")**.  Despite the wilful and wanton conduct allegations, the Court finds that Count III is insufficient to state a cause of action for a wilful and wanton claim

under ***Iqbal*** standards. Plaintiff fails to distinguish between that conduct which constitutes negligence and that which constitutes wilful and wanton conduct. Thus, the Court grants Defendant's motion to dismiss. However, the Court allows Plaintiff leave to file an amended complain to correct these insufficiencies, if he can.

### IV. Conclusion

Accordingly, the Court **GRANTS** Defendant Schneider National Carriers, Inc.'s motion to dismiss Count III of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19). The Court **DISMISSES without prejudice** Count III of Plaintiff's complaint. The Court **ALLOWS** Plaintiff up to and including March 1, 2010 to file an amended complaint that comports with this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS SO ORDERED.**

Signed this 1st day of February, 2010.

/s/   *DavidRHerndon*

**Chief Judge
United States District Court**